In re William R. DREXLER, Debtor.

Bankruptcy No. 84 B 10383 (PA).

United States Bankruptcy Court, S.D. New York.

April 6, 1984.

## DECISION ON REQUEST FOR JURY TRIAL

PRUDENCE B. ABRAM, Bankruptcy Judge:

On March 14, 1984 an involuntary Chapter 7 petition was filed against William R. Drexler. The petitioners are Michael H. Cockell in the capacity of underwriter for the G.N. Rouse Syndicate and as Lead Underwriter for all other underwriters at Lloyd's of London subscribing to contracts designated as B00021 and B00090 and Manning Beard Limited, a London insurance broker, whose principals are named as intermediaries in the two contracts. The petitioners state that the contracts designated as B00021 and B00090 enabled the coverholder, Frank Feit Associates,[1] to underwrite and bind liability and physical damage insurance for amusement parks and carnivals on behalf of the underwriters. The petitioners allege that they are the holders of a claim, not contingent as to liability, in the amount of $335,000.00, plus interest, and a substantial additional claim not contingent as to liability but unliquidated as to amount. The claims are based

on two judgments each dated June 13, 1983 issued by the United States District Court for the Southern District of New York in an action in which Mr. Drexler was a defendant, as were the three companies referred to in footnote 1.

On March 15, 1984 Mr. Drexler filed an answer to the petition and sought a jury trial. The answer, among other things, denies the existence of the contracts designated as B00021 and B00090; denies that either judgment is presently of any force or effect because, *inter alia*, the two judgments are on appeal, the judgments are default judgments, and the debtor has meritorious defenses and counterclaims, denies that the debtor has more than 12 creditors; and denies that the debtor is not generally paying his debts as they become due. It is apparent that the principal issues to be determined at the trial on the involuntary petition are those of the legal effect of the two judgments and the status and standing of the petitioners, and the application of the generally not paying debts as they become due test to the facts as they develop at trial.

The granting of a jury trial with respect to issues raised by the filing of an involuntary petition is discretionary with the bankruptcy court. The pertinent provision may be found at 28 U.S.C. § 1480 which provides as follows:

"(b) The bankruptcy court may order the issues arising under section 303 of Title 11 to be tried without a jury."

The Bankruptcy Rules, which became effective on August 1, 1983, provide in Rule 9015(b)(3) as follows:

"On motion or on its own initiative the court may determine * * * whether a demand for trial by jury in a proceeding on a contested petition shall be granted."

1. Involuntary petitions under Chapter 7 of the Bankruptcy Code, were filed against Frank Feit Associates, and two related companies, Feit & Drexler, Inc. and William R. Drexler International, Inc. a/k/a William R. Drexler International, Ltd., on June 23, 1983 by English & American Insurance Co., Ltd. and Bellefonte

Insurance Co., Ltd. on the basis of a judgment in their favor in excess of $800,000 entered by the United States District Court for the Southern District of New York on May 31, 1983. Following a hearing on July 15, 1983, an order for relief was granted as to each of the three companies.

The Advisory Committee Note to Rule 9015 states:

> "Subsection (b) of § 1480 empowers the court to dispense with a jury trial on issues presented by a contested involuntary petition, even when a jury trial is properly demanded. The purpose of § 1480(b) is to ensure that contested petitions are decided promptly. The court may under § 1480(b) and subdivision (b)(3) act *sua sponte* and direct that a contested petition be tried by the court instead of to a jury."

■ This court denies Mr. Drexler's request for a jury trial. Although the statute sets forth no guidelines, the court is of the view that a careful review and balancing of the factors in a particular case must be made. The major issues are matters of law which must be determined by the court, not a jury. Nor does it appear that the matter turns on any significant credibility issues. This court is of the opinion that the issues which may properly be presented to the jury are insubstantial in comparison to the issues which must be decided by the court. Undertaking a jury trial in this matter is likely to prove time consuming and to delay its resolution.[2]

There is no inherent right to a trial by jury on the issues raised by the involuntary petition, *see In re Davis*, 23 B.R. 773 (Bkrtcy.App. 9th Cir.1982), in which the appellate panel affirms the bankruptcy court's denial of a jury trial demand by finding no abuse of discretion in the denial of the demand, which was apparently made late, and denied following a hearing on relatively short notice. In *In re Bokum Resources Corp.*, 26 B.R. 615 (D.C.D.N. Mex.1982), the district court rejected on appeal an argument that an abuse of discretion had occurred in refusing to grant a jury trial stating

"Bokum argues that no special circumstances existed which would justify the Bankruptcy Court in denying a jury trial. However, the statute does not require the existence of any special circumstances. The matter is plainly left to the discretion of the Bankruptcy Court. It can hardly be said that the lower court abused its discretion when its actions were clearly within the powers granted by Congress, and Bokum makes no argument that it had a constitutional right to a jury trial." 26 B.R. at 626–627.

See also 1 Collier on Bankruptcy (15th Ed.) ¶ 3.01[4][c][iii], and Levy, Trial by Jury under the Bankruptcy Reform Act of 1978, 12 Conn.L.Rev. 1, 11–12 (1979).

The demand for a jury trial is hereby denied. It is so ordered.

---

2. Delay would also occur should a dispute arise as to whether the jury trial should be conducted in the bankruptcy court, as apparently permitted by Bankruptcy Rule 9015, or in the district court as apparently directed by Emergency Bankruptcy Rule I(d), which was adopted by the United States District Court for the Southern District of New York. For a discussion of the problem, see *In re River Transportation Company*, 35 B.R. 556, 11 B.C.D. 300 (Bkrtcy.M.D. Tenn.1983) (Local rule null and void in face of Rule 9015 promulgated by United States Supreme Court and bankruptcy court may conduct jury trial); and *In re Paula Saker & Co., Inc.*, 37 B.R. 802 (Bkrtcy.S.D.N.Y.1984) (Request to transfer case to district court for conduct of jury trial denied.) While this problem is not of the parties' making, the court is concerned with any delay whether caused by the parties or not.