In re John S. McNAUGHTON,
Alleged Debtor.

Bankruptcy No. 94–41857.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Aug. 10, 1994.

H. George Lafferty, Kansas City, MO, for alleged debtor.

Robert A. Pummill, Kansas City, MO, for petitioner.

## ORDER DENYING DEBTOR'S REQUEST FOR TRIAL BY JURY

FRANK W. KOGER, Chief Judge.

This matter comes before the Court upon the request of the alleged Debtor, John S. McNaughton, for a Trial by Jury. An involuntary petition under 11 U.S.C. § 303 was filed against the alleged Debtor on July 18, 1994 by Rubins, Kase, Rubins, Cambiano & Bryant (Rubins). According to the petition, the alleged Debtor owes Rubins over $55,000 in legal fees. The alleged Debtor filed an answer on August 5, 1994, claiming that the debt was the subject of a bona fide dispute, the alleged Debtor was generally paying his debts, and the petition was filed in bad faith. Accompanying the answer was the alleged Debtor's Request for a Jury Trial.

### Discussion

The only issue before the Court is whether the alleged Debtor has a right to a jury trial on the involuntary petition. The bankruptcy court is the appropriate forum to determine whether there is a right to a trial by jury. *In re Friedberg,* 106 B.R. 50, 53 (Bankr.S.D.N.Y.1989), *rev'd on other grounds,* 131 B.R. 6 (S.D.N.Y.1991). In order for a party to have the right to a jury trial for a particular dispute, that right must arise either by statute or the Seventh Amendment of the Constitution. *In re Tripplett,* 115 B.R. 955, 958 (Bankr.N.D.Ill.1990).

### A. Statutory Analysis

Jury trials in bankruptcy are governed by 28 U.S.C. § 1411 (1984) which provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

Two things are clear from this statute. First, there is no statutory right to a jury trial in bankruptcy. This should be contrasted to law as it existed under the Bankruptcy Act of 1898 (the "Act"), as amended through 1973, 30 Stat. 544–66 (superseded by the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq.). Under § 19 of the Act, persons against whom an involuntary petition had been filed were given the statutory right to a trial by jury. *In re Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 181–82 (Bankr.E.D.N.Y.1986); *In re Tripplett,* 115 B.R. at 961. This is "no longer an issue under the 1978 statute." *Id.* at 181. Second, the ability of an alleged debtor to obtain a jury trial is in the discretion of the bankruptcy court. This issue will be discussed more fully below.

### B. Constitutional Analysis

While there is no statutory right to a jury trial under 11 U.S.C. § 303, the Court must inquire as to a Constitutional basis for such a right under the Seventh Amendment. The Supreme Court, in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), considered the scope of the Seventh Amendment as it related to bankruptcy. There, the Supreme Court adopted a historical analysis of Seventh Amendment issues:

Although the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791, the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English Law courts in the late 18th century, as opposed to hose customarily heard by courts of equity or admiralty (quotations omitted).

*Id.* at 41–42, 109 S.Ct. at 2790. As a historical matter, when a bankruptcy court exercised its summary jurisdiction, it acted as a court of equity. *Id.* at 57, 109 S.Ct. at 2798–99 citing *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). When a bankruptcy court exercised it plenary jurisdiction it acted as a court of law. *Granfinanciera,* 492 U.S. at 57, 109 S.Ct. at 2798–99. The resolution of an involuntary bankruptcy petition was historically a summary proceeding. *In re D.H. Overmyer Telecasting Co.,* 53 B.R. 963, 980 (N.D.Ohio 1984),

*aff'd* 787 F.2d 589 (6th Cir.1986). It was the only summary proceeding where a jury trial right existed, and that right was conveyed by statute. *See Id.* The jury trial right had no separate existence from the statute; thus no common-law analog existed for Seventh Amendment purposes. *See generally id.* There was (and is) "no inherent right to a trial by jury on the issues raised by the involuntary petition." *In re Drexler,* 39 B.R. 18, 20 (Bankr.S.D.N.Y.1984) citing *In re Davis,* 23 B.R. 773 (9th Cir. BAP 1982). Therefore, the Court concludes that there is no Constitutional basis for a jury trial under 11 U.S.C. § 303.

### C. Discretionary Analysis

 The ability of an alleged debtor to obtain a jury trial is in the discretion of the bankruptcy court. *See In re Drexler,* 39 B.R. at 20. While the statute provides no criteria to assist the bankruptcy court in its decision to grant a jury trial, *see* 28 U.S.C. § 1411(b), it is appropriate for the court to consider whether the issues on which a jury trial are requested are matters of law or involve credibility determinations. *In re Drexler,* 39 B.R. at 20. A court may also consider the delay in the resolution of the case that a jury trial may entail. *In re Drexler,* 39 B.R. at 20. The Eighth Circuit has suggested that the jurisdictional issues under 11 U.S.C. § 303 should be determined by the bankruptcy court. *In re Nordbrock,* 772 F.2d 397, 399 (8th Cir.1985). In *In re Nordbrock,* a bankruptcy court granted an alleged debtor a jury trial on an involuntary petition, transferring the case to the district court. *Id.* The district court remanded the case to the bankruptcy court for a determination of the "threshold jurisdictional" issues under 11 U.S.C. § 303. *Id.* These issues included whether the debtor was generally paying his debts and whether there were more than 12 creditors. *Id.* The bankruptcy court dismissed the petition, and the petitioning creditor appealed. *Id.* The Eighth Circuit affirmed the bankruptcy court's dismissal of the petition.

 In this case, the issues in dispute are whether the debt is subject to a bona fide dispute, whether the debtor is generally pay-ing his debts, and whether the petition was filed in good faith. Whether the debt is subject to a bona fide dispute is a matter of law. The Court should not resolve that dispute but only determine if there is a reasonable basis in fact or law to support such a dispute. *In re Nordbrock* teaches us that the "generally paying" issue is one for the bankruptcy court to determine without a jury. Only the good faith of the petitioner is an issue that appears clearly factual. On whole the issues appear to weigh more as matters of law rather than those of credibility. *See In re Drexler,* 39 B.R. at 20. Moreover, the grant of a jury trial would unduly delay the resolution of this involuntary petition. Therefore, the Court concludes that a jury trial should not be granted.

### Conclusion

Based on the above discussion, the alleged Debtor's Request for a Jury Trial is hereby DENIED.

The foregoing Memorandum Opinion constitutes Findings of Facts and Conclusions of Law as required by Fed.R.Bankr.P. 7052.